IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LEGENDS TRUST,
Paul Chavez grantor/owner and
only real party in interest,

        Plaintiff,

v.                                                                                   No. 1:21-cv-01146-LF

ERIN O'CONNELL,

        Defendant.

## MEMORANDUM OPINION AND ORDER TO SHOW CAUSE

THIS MATTER comes before the Court on *pro se* Plaintiff's Complaint for Quiet Title, Interf[er]ence with Contract, Declaratory Relief and Injunctive Relief, Doc. 1, filed December 2, 2021 ("Complaint").

**The Complaint**

This action arises from a foreclosure action in state court.  *See* Complaint at 1.  The state court issued an order confirming the sale of the subject property "which triggered the commencement of the thirty day limit for the exercise of the statutory right of redemption." Complaint at 3, ¶ 5.  Plaintiff, who was represented by counsel in the foreclosure action, filed a petition to redeem the property and asked the state court for an order allowing Plaintiff to pay the redemption amount "by way of cash, certified check or bond."  Complaint at 3, ¶ 6.  The state court ordered that Plaintiff pay the redemption amount "by way of cash or cashier's check."  Complaint at 4, ¶ 10.  The state court did not allow Plaintiff to pay the redemption amount by way of bond. Plaintiff did not have the resources to pay the redemption amount by way of cash or cashier's check

because Plaintiff had committed those resources in the purchase of a bond. *See* Complaint at 4, ¶ 13. Plaintiff was, consequently, unable to redeem the property. *See* Complaint at 5, ¶ 22.

Defendant is the state-court judge that presided over the foreclosure action. Plaintiff asserts claims of interference with contract, violation of due process, and quiet title against Defendant because she did not allow Plaintiff to pay the redemption amount by way of bond. Plaintiff seeks the following relief: (i) a declaratory judgment that Defendant interfered with the contractual agreement between the purchaser and Plaintiff; (ii) a declaratory judgment that Defendant violated Plaintiff's right of due process by modifying Plaintiff's proposed order to exclude redemption by way of bond; (iii) an order requiring the state court to accept the issued bond and to issue a certificate of redemption for the subject property; and (iv) an order quieting title of the subject property to all parties except Plaintiff. *See* Complaint at 6-7.

**Plaintiff's Previous Case:** *Legends Trust I*

Plaintiff previously filed a complaint arising from the same facts and seeking the same relief as in this case. *See Legends Trust v. O'Connell*, No. 1:21-cv-01006-KG-JFR (D.N.M. October 18, 2021) ("*Legends Trust I*"). The Court ordered Plaintiff to show cause why the Court should not dismiss *Legends Trust I* because Plaintiff had not alleged sufficient facts showing the Court had diversity jurisdiction over *Legends Trust I* and because it appeared *Legends Trust I* was barred by the *Rooker-Feldman* doctrine which bars federal district courts from hearing cases where the relief requested would undo the state court's judgment. *See* Doc. 4 in *Legends Trust I*. The Court dismissed *Legends Trust I* for lack of subject-matter jurisdiction because: (i) the amended complaint indicated that Paul Chavez, the grantor/owner and only real party of interest to Legends Trust resides in Albuquerque, New Mexico, and, therefore, did not show there was diversity of citizenship between Plaintiff and Defendant; and (ii) Plaintiff did not file a response addressing

whether *Legends Trust I* was barred by the *Rooker-Feldman* doctrine.  *See* Doc. 7, filed November 19, 2021 in *Legends Trust I* (noting that citizenship of a trust is determined by the citizenship of the trust's members).

**Order to Show Cause**

In the Complaint now before the Court, Plaintiff alleges that Paul Chavez, Legends Trust's "grantor/owner and only real party in interest resid[es] in Atlanta Georgia."  Complaint at 2, ¶ 2.  Because Plaintiff and Paul Chavez have indicated as recently as November 9, 2021, that Paul Chavez, "grantor/owner and only real party in interest to Legends Trust," resided in Albuquerque, New Mexico, the Court orders Plaintiff and Paul Chavez to file an affidavit, along with supporting documentation, declaring that Paul Chavez is a citizen of the State of Georgia.  Amended Complaint at 7, Doc. 6, filed November 9, 2021 in *Legends Trust I*.

Plaintiff also suggests that the *Rooker-Feldman* doctrine does not bar the Court from hearing this case because "This lawsuit is an original action that does not challenge the merits of the judgment entered by Defendant, but rather complains of injury caused by the Defendant's interference with the private contract between the parties to redemption."  Complaint at 4, ¶ 15.  Plaintiff mischaracterizes the Complaint which asks the Court to order the state court to accept Plaintiff's bond, order the state court to issue a certificate of redemption, and to quiet title of subject property of the foreclosure action in state court.  It appears that such relief would necessarily undo the state court judgment.  The Court orders Plaintiff to show cause why this case is not barred by the *Rooker-Feldman* doctrine which:

> bars federal district courts from hearing cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S. Ct. 1517, 161 L. Ed. 2d 454 (2005). Where the relief requested would

necessarily undo the state court's judgment, *Rooker-Feldman* deprives the district court of jurisdiction. *Mo's Express*, 441 F.3d at 1237.

*Velasquez v. Utah*, 775 F. App'x. 420, 422 (10th Cir. 2019); *Knox v. Bland*, 632 F.3d 1290, 1292 (10th Cir. 2011) ("Under [the *Rooker-Feldman*] doctrine, 'a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights'") (quoting *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994)); *see also Knox v. Bland*, 632 F.3d 1290, 1292 (10th Cir. 2011) ("To the extent that he is seeking relief in the nature of mandamus, ordering Defendants to take action in their capacities as state judges, '[w]e have no authority to issue such a writ to direct state courts or their judicial officers in the performance of their duties'").

**Compliance with Rule 11**

The Court reminds Plaintiff of his obligations under Rule 11 of the Federal Rules of Civil Procedure. *See Yang v. Archuleta*, 525 F.3d 925, 927 n. 1 (10th Cir. 2008) ("*Pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."). Rule 11(b) provides:

> **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> **(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

**(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

**(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).  Failure to comply with the requirements of Rule 11 may subject Plaintiff to sanctions, including monetary penalties and nonmonetary directives.  *See* Fed. R. Civ. P. 11(c).

**IT IS ORDERED** that Plaintiff shall, within 21 days of entry of this Order, (i) file an affidavit, along with supporting documentation, declaring that Paul Chavez's is a citizen of the State of Georgia; and (ii) show cause why this case is not barred by the *Rooker-Feldman* doctrine. Failure to timely comply with this Order may result in dismissal of this case.

_____
UNITED STATES MAGISTRATE JUDGE