IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LEGENDS TRUST,
Paul Chavez grantor/owner and
only real party in interest,

        Plaintiff,

v.                                                                No. 1:21-cv-01146-WJ-LF

ERIN O'CONNELL,

        Defendant.

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

        This action arises from a foreclosure action in state court. *See* Complaint for Quiet Title, Interf[er]ence with Contract, Declaratory Relief and Injunctive Relief, Doc. 1, filed December 2, 2021 ("Complaint"). The state court issued an order confirming the sale of the subject property "which triggered the commencement of the thirty day limit for the exercise of the statutory right of redemption." Complaint at 3, ¶ 5. Plaintiff Legends Trust, which was represented by counsel in the foreclosure action, filed a petition to redeem the property and asked the state court for an order allowing Plaintiff to pay the redemption amount "by way of cash, certified check or bond." Complaint at 3, ¶ 6. The state court ordered that Plaintiff pay the redemption amount "by way of cash or cashier's check." Complaint at 4, ¶ 10. The state court did not allow Plaintiff to pay the redemption amount by way of bond. Plaintiff did not have the resources to pay the redemption amount by way of cash or cashier's check because Plaintiff had committed those resources in the purchase of a bond. *See* Complaint at 4, ¶ 13. Plaintiff was, consequently, unable to redeem the property. *See* Complaint at 5, ¶ 22.

Defendant is the state-court judge that presided over the foreclosure action. Plaintiff asserts claims of interference with contract, violation of due process, and quiet title against Defendant because she did not allow Plaintiff to pay the redemption amount by way of bond. Plaintiff seeks the following relief: (i) a declaratory judgment that Defendant interfered with the contractual agreement between the purchaser and Plaintiff; (ii) a declaratory judgment that Defendant violated Plaintiff's right of due process by modifying Plaintiff's proposed order to exclude redemption by way of bond; (iii) an order requiring the state court to accept the issued bond and to issue a certificate of redemption for the subject property; and (iv) an order quieting title of the subject property to all parties except Plaintiff. *See* Complaint at 6-7.

**Plaintiff's Previous Case:** *Legends Trust I*

Plaintiff previously filed a complaint arising from the same facts and seeking the same relief as in this case. *See Legends Trust v. O'Connell*, No. 1:21-cv-01006-KG-JFR (D.N.M. October 18, 2021) ("*Legends Trust I*"). The Court ordered Plaintiff to show cause why the Court should not dismiss *Legends Trust I* because Plaintiff had not alleged sufficient facts showing the Court had diversity jurisdiction over *Legends Trust I* and because it appeared *Legends Trust I* was barred by the *Rooker-Feldman* doctrine which bars federal district courts from hearing cases where the relief requested would undo the state court's judgment. *See* Doc. 4 in *Legends Trust I*. The Court dismissed *Legends Trust I* for lack of subject-matter jurisdiction because: (i) the amended complaint indicated that Paul Chavez, the grantor/owner and only real party of interest to Legends Trust resides in Albuquerque, New Mexico, and, therefore, did not show there was diversity of citizenship between Plaintiff and Defendant; and (ii) Plaintiff did not file a response addressing whether *Legends Trust I* was barred by the *Rooker-Feldman* doctrine. *See* Doc. 7,

filed November 19, 2021 in *Legends Trust I* (noting that citizenship of a trust is determined by the citizenship of the trust's members).

**Order to Show Cause**

Plaintiff states the Court has jurisdiction over this matter based on diversity of citizenship and alleges that Paul Chavez, Legends Trust's "grantor/owner and only real party in interest resid[es] in Atlanta Georgia."  Complaint at 2, ¶ 2.  United States Magistrate Judge Laura Fashing ordered Plaintiff and Paul Chavez to file an affidavit, along with supporting documentation, declaring that Paul Chavez is a citizen of the State of Georgia because Plaintiff and Paul Chavez indicated as recently as November 9, 2021, in *Legends Trust I* that Paul Chavez, "grantor/owner and only real party in interest to Legends Trust," resided in Albuquerque, New Mexico.  *See* Order to Show Cause at 5, Doc. 4, filed December 6, 2021.

Judge Fashing also stated that the Complaint:

> asks the Court to order the state court to accept Plaintiff's bond, order the state court to issue a certificate of redemption, and to quiet title of subject property of the foreclosure action in state court.  It appears that such relief would necessarily undo the state court judgment.

Order to Show Cause at 3.  Judge Fashing ordered Plaintiff to show cause why this case is not barred by the *Rooker-Feldman* doctrine.  *See* Order to Show Cause at 5.

Judge Fashing notified Plaintiff that failure to timely comply with the Order to Show Cause may result in dismissal of this case.  Plaintiff did not comply with the Order to Show cause by the December 27, 2021, deadline.

**IT IS ORDERED** that this case is **DISMISSED without prejudice.**

_____
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE